ORDERED in the Southern District of Florida on Dec 19, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

THOMAS J. RYAN,

    Debtor.
_____/

Case No. 02-22260-BKC-JKO

Chapter 7

ENTRUST NPL CORP,

    Plaintiff,

vs.

WINCHESTER GLOBAL TRUST COMPANY
LIMITED, as Trustee of the Settlement Trust,
the Tax Lien Trust, the Factored Receivables
Trust and the High-Yield Trust, GREENBERG
TRAURIG, P.A. as Custodian of Records
pursuant to Court Order dated May 19, 2005,
and MARIKA TOLZ, TRUSTEE of the
Bankruptcy Estate of Thomas J. Ryan,

    Defendants.
_____/

Adv. Pro. 06-1401-JKO

## ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION
## OF DIRECT APPEAL TO THE COURT OF APPEALS

This adversary proceeding is before me on Plaintiff Entrust Corporation's request [DE 79] that I certify under 28 U.S.C. § 158(d)(2) for direct appeal to the Court of Appeals Entrust's appeal from my Order [DE 58] which dismissed this adversary proceeding with prejudice. Defendant Winchester Global Trust Company responded [DE 80] with a jurisdictional objection which I conclude I am required to sustain.

Entrust argues that a direct appeal makes sense and would be judicially economical in light of the current appeal pending in the Court of Appeals in the main bankruptcy case *In re Thomas J. Ryan, III,* which involves issues closely related to the issues in the appeal in this adversary proceeding. However logical this argument may be, I am constrained by the express provisions in the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") which provides that BAPCPA's provisions, with limited and irrelevant exceptions, "shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act." BAPCPA § 1501(a) (uncodified). Prior to the enactment of § 158(d)(2) in BAPCPA, there was no provision for direct appeal of bankruptcy court orders to the Court of Appeals.

Although the direct appeal provision of new § 158(d)(2) is procedural in nature, and would ordinarily apply retroactively, where Congress has made clear that statutory provisions are not to be given retroactive effect, the normal presumption of retroactivity is overcome. *Christo v. Padgett,* 223 F.3d 1324, 1332 (11th Cir. 2000). Although this adversary proceeding was filed in 2006, the *case* in which it arises, *In re Thomas J. Ryan, III,* was filed March 28, 2002, well before BAPCPA's effective date of October 17, 2005. I therefore conclude that I am powerless to authorize a direct appeal to the Court of Appeals under § 158(d)(2). *In re McKinney,* 457 F.3d 623 (7th Cir. 2006); *Futch v. Roberts,* 2007 WL 2462636 (S.D. Ga. 2007).

Accordingly, it is ORDERED that Plaintiff Entrust Corporation's request [DE 79] that I certify its appeal from my Order [DE 58] which dismissed this adversary proceeding with prejudice for direct appeal to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) is DENIED.

###

Copies to:

Scott M. Grossman, Esq

James P.S. Leshaw, Esq

John A. Moffa, Esq.

Reggie David Sanger, Esq.

Marika Tolz, Trustee


Mr. Sanger is directed to serve copies of this Order on all other interested parties